**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ADRIANNE WARREN | CIVIL ACTION NO. 21-0133 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL TALLEY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Motion for Summary Judgment filed by Defendant Daniel Talley ("Deputy Talley"), a Deputy with the Bossier Sheriff's Office. See Record Document 31. To date, the motion is unopposed by Plaintiff Adrianne Warren ("Warren"). After a review of the record and accepting Deputy Talley's Statement of Uncontested Facts (Record Document 31-1) as true, his Motion for Summary is **GRANTED** and all of Warren's claims are **DISMISSED WITH PREJUDICE**.

Background[1]

On January 19, 2020, Deputy Talley initiated a traffic stop after he observed what he believed to be multiple low hanging objects attached to Warren's rearview mirror. After making initial contact with Warren, Deputy Talley detected the smell of alcohol on Warren's breath. Deputy Talley observed Warren's eyes to be glassy and noticed her speech was slurred during conversation. During this time, Deputy Talley observed what he believed to be multiple bottle caps from alcoholic beverages inside the driver's area of Warren's car.

Deputy Talley asked Warren to exit the car and asked her if she had consumed any alcohol prior to the stop. Warren stated that she did have a couple drinks after she got off

---

[1] These facts have been drawn from Deputy Talley's Statement of Uncontested Facts and his affidavit. See Record Documents 31-1 & 31-2. As noted infra, these facts were deemed admitted because they were uncontroverted.

work. At this time, Deputy Talley observed Warren's behavior to be erratic. She began asking Deputy Talley to release her stating that she was almost home and questioning his authority to pull her over for items attached to her rearview mirror.

Deputy Talley asked Warren for consent to search her car, which she granted. Deputy Talley retrieved Warren's purse from the car and returned to the rear of the vehicle and placed the purse on top of the trunk between himself and Warren. After opening the purse, Deputy Talley saw Warren's driver's license and began to call her information in to dispatch. However, before he could call the information in, Warren grabbed her purse from the top of the trunk. At this point, Deputy Talley had not searched the purse or Warren for weapons. A struggle ensued over control of the purse. Deputy Talley gave verbal commands to Warren to stop, which she did not follow. Deputy Talley then attempted to place Warren in handcuffs, however she jerked away from him and began flailing her arms preventing Deputy Talley from gaining control of her wrists. Warren again made a grab toward her purse. Deputy Talley again told Warren to stop, to which she did not comply. At this point, Deputy Talley created space, announced taser, and deployed his taser. The first taser deployment did not make contact because of Warren's leather jacket. Therefore, Deputy Talley released a second discharge from his taser. Warren was then taken into custody.

On January 18, 2021, Warren filed a civil rights action seeking relief for violations of her Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections 2, 5, 13, and 20 to the Louisiana Constitution of 1974. See Record Document 1 at ¶ 1. More specifically, Warren alleged federal claims of unreasonable search and seizure (detention, arrest, and excessive force) and violation of her substantive

due process rights. See id. at ¶¶ 12, 48-60. She further alleged state law unlawful arrest and false imprisonment claims. See id. at ¶¶ 2, 61-64.

Deputy Talley has now moved for summary judgment in his favor as to all claims against him. See Record Document 31. The defense Motion for Summary Judgment was filed on May 16, 2022 and a Notice of Motion Setting was issued on May 18, 2022. See Record Documents 31 & 34. The Notice of Motion Setting provided:

> Any party who opposes the motion may file a memorandum in opposition within fourteen (14) calendar days from the date of this notice.

Record Document 34. To date, Warren has filed no opposition.

Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

Analysis

Warren's claims can be grouped as follows: (1) Section 1983 Fourth Amendment claims for unlawful seizure (traffic stop), unlawful arrest, and excessive force; (2) violation of federal substantive due process rights; and (3) unlawful arrest/false imprisonment under the Louisiana Constitution.

Fourth Amendment Claims

Deputy Talley asserts the defense of qualified immunity. Qualified immunity protects government officials from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009). Once the qualified immunity defense is invoked, the plaintiff carries the burden of demonstrating its inapplicability. See Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009).

In evaluating the qualified immunity defense, the familiar two-step analysis controls: whether (1) the facts alleged show the official's conduct violated a constitutional right; and (2) whether the right was clearly established. See Keller v. Fleming, 952 F.3d 216, 221 (5th Cir. 2020). The first step involves the objective reasonableness of the defendant government official's actions, while the second step considers the scope of clearly established law. See id. Courts have "discretion to address either prong of the qualified immunity inquiry first." Id., citing Pearson, 555 U.S. at 236, 129 S.Ct. at 818.

Here, the Court will focus on the constitutional violation question by determining whether Deputy Talley's conduct met the Fourth Amendment's reasonableness requirement. The uncontroverted facts of this case establish that the seizure, i.e., the traffic stop, the arrest, and the force used in this case were reasonable. Deputy Talley is entitled

to qualified immunity as to the Fourth Amendment claims.

In his affidavit, Deputy Talley stated he initiated a traffic stop after he observed what he believed to be multiple low hanging objects attached to Warren's rearview mirror. He was justified in making this stop to enforce traffic and vehicle safety regulations as he observed what he believed to be a violation of La. R.S. 32:261.1(B), which provides in pertinent part:

> [N]o person may operate a motor vehicle with any object or material placed on or affixed to the front windshield or to front side windows of the vehicle so as to obstruct or reduce the driver's clear view through the front windshield or front side windows, nor place on or affix to the front windshield or the front side windows of a motor vehicle, any transparent material if the material alters the color or reduces the light transmission of the windshield or front side windows.

His subsequent actions were also sound because he developed reasonable suspicion of additional criminal activity. After Deputy Talley lawfully initiated the traffic stop, he stated that he observed Warren exhibiting signs of intoxication, specifically he detected the smell of alcohol on her breath, her eyes were glassy, and her speech was slurred. See Record Document 31-2. Deputy Talley also observed several bottle caps from alcoholic beverages in the driver's area of the vehicle and Warren stated that she had "a couple drinks after she got off work." Id. Based on these observations and Warren's own admission, Deputy Talley had reasonable suspicion to suspect that Warren was driving while intoxicated and was justified in prolonging the traffic stop and seeking consent to search the car. Deputy Talley's actions were an appropriate, reasonable attempt to dispel or confirm his suspicions regarding Warren's intoxication. See Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884 (1968); U.S. v. Pack, 612 F.3d 314, 349-50 (5th Cir. 2010), opinion modified on denial of reh'g, 622 F.3d 383 (5th Cir, 2010); U.S. v. Brigham, 382 F.3d 500, 508 (5th Cir. 2004).

The existence of probable cause is a prerequisite to any constitutional arrest, which is a seizure under the Fourth Amendment. See Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632 (1979). "Probable cause" is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557 (2001). The uncontroverted facts of this case, namely those set forth in Deputy Talley's affidavit, establish that there was probable cause to arrest Warren for either driving with an obstructed view or driving while intoxicated in violation of La. R.S. 14:98.[2] Deputy Talley's conduct met the Fourth Amendment's reasonableness requirement and he is entitled to qualified immunity as to the arrest claim.

Finally, Deputy Talley is likewise entitled to qualified immunity as to the excessive force claim. The elements that a plaintiff must establish to overcome an officer's claim of qualified immunity in an excessive force claim are: "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which

---

[2]Section 98 provides in part:

A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when any of the following conditions exist:

(a) The operator is under the influence of alcoholic beverages.

was clearly unreasonable" under the objective standard used for evaluating officers' use of force. Poole v. City of Shreveport, 691 F.3d 624, 628 (5th Cir. 2012). Here, the uncontroverted facts show that Warren resisted Deputy Talley's attempts to handcuff her and failed to follow Deputy Talley's commands to "stop." Record Document 31-2 at 2. Warren repeatedly grabbed for her purse. See id. Deputy Talley was the lone officer on the scene and Warren's actions created some threat to his safety. Deputy Talley's use of the taser was not clearly excessive. See Cloud v. Stone, 993 F.3d 379, 384-86 (5th Cir. 2021); Collier v. Montgomery, 569 F.3d 214, 219 (5th Cir. 2009). Thus, his actions were not objectively excessive or clearly unreasonable and he is entitled to qualified immunity on the excessive force claim.

Substantive Due Process Claim

A plaintiff may bring a substantive due process claim under the Fourteenth Amendment only if the claim alleged is not susceptible to proper analysis under a specific constitutional source. See Petta v. Rivera, 143 F.3d 895, 901 (5th Cir.1998); see also Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims."). Here, the Fourth Amendment provides an explicit textual source for all of Warren's federal claims. Substantive due process is not the guide for Warren's federal claims. As such, her substantive due process claim must be dismissed.

Louisiana Constitutional Claims

Warren also claims unlawful arrest/false imprisonment under the Louisiana Constitution. While the question of whether there was a violation of state law and whether there was a violation of the Fourth Amendment are two separate questions, Louisiana's qualified immunity standards are the same as those under federal law. "Louisiana applies qualified immunity principles to state constitutional law claims based on 'the same factors that compelled the United States Supreme Court to recognize a qualified good faith immunity for state officers under §1983." Roberts v. City of Shreveport, 397 F.3d 287, 296 (5th Cir. 2005); see also Knapper v. Connick, 681 So.2d 944, 946-51 (La. 10/15/1996) (applying federal absolute immunity rules to a state law claim against a prosecutor). The question for the Court is whether Deputy Talley arguably had probable cause under state law to arrest Warren; if so, qualified immunity protects him from suit under state law for false arrest or false imprisonment. As discussed *supra*, Deputy Talley at least arguably had probable cause to arrest Warren for a violation of La. R.S. 32:261.1(B) and/or La. R.S. 14:98. Thus, Deputy Talley is protected by qualified immunity as to the state law claims of unlawful arrest/false imprisonment.

Accordingly, in light of the uncontroverted material facts and after a review of the Motion for Summary Judgment and the controlling legal standards as applied to the facts before the Court,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 31) filed by Deputy Talley be and is hereby **GRANTED** and all claims by Warren against Deputy Talley are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue

herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of June, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT